```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. McCORMICK,            :
                              :
      Plaintiff               :
                              :   CIVIL NO. 1:CV-05-1247
      vs.                     :
                              :   (Judge Caldwell)
DR. JOSEPH CAMA, ET AL.,      :
                              :
      Defendants              :
```

*M E M O R A N D U M*

*I.   Introduction.*

Plaintiff, John D. McCormick, an inmate housed at the Bradford County Correctional Facility, Troy, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 after he experienced an allergic reaction to penicillin which was prescribed for him despite his allergy to the drug. Along with his complaint, McCormick submitted an application seeking leave to proceed in forma pauperis.[1] Named as defendants are: Dr. Joseph Cama and his wife, Nurse Laura Cama.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we will dismiss the complaint for failure to state a claim upon which

---

[1] McCormick completed this Court's form application for leave to proceed in forma pauperis and authorization form. (Docs. 2 and 3). An Administrative Order was thereafter issued on June 22, 2005, (doc. 5), directing the Warden at the Bradford County Prison to commence deducting the full filing fee from plaintiff's prisoner trust fund account.

relief may be granted, principally because Plaintiff has failed to make allegations that would support an essential element of his Eighth Amendment claims, defendants' deliberate indifference to his medical needs.

*II.   Background.*

According to the Complaint, and documents attached to it, on March 29, 2005, Plaintiff submitted a medical request slip complaining of back pain and a painful tooth.  On April 1, 2005, Plaintiff was examined by Nurse Cama and told he had an abscessed tooth.  Nurse Cama contacted her husband, Dr. Cama, by phone. Nurse Cama advised McCormick that Dr. Cama prescribed "something" for the infected tooth.  After McCormick took the first dose of his medication, PenV-K, he began to feel sick.  After taking two doses of the medication he was seen again by Nurse Cama after complaining of lightheadedness.  Nurse Cama noted that Plaintiff was "mistakenly prescribed penicillin which he reports he is allergic to."  (Doc. 1, Attachment 4).  McCormick was not experiencing any other symptoms at the time, did not appear in distress, his respiration was normal, and no swelling or rash was observed.  (*Id*.) The PenV-K was stopped and he was prescribed another antibiotic to which he stated he was not allergic.

Earlier on March 12, 2005, during his intake physical, McCormick advised Nurse Cama that he was allergic to penicillin. Plaintiff states that "the doctor and nurse acted negligently in prescribing penicillin to me." (Doc. 1). He seeks unspecified damages – "I want this Court to do what it deems is just and proper to compensate me for my suffering."

*III.   Standard of Review.*

District courts are required to screen all civil cases brought by prisoners. 28 U.S.C. § 1915A. A complaint filed in forma pauperis may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In performing this required statutory screening, a court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, the truth of the plaintiff's factual allegations are assumed. *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). The court must decide "whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." *Simon v. Cebrick*, 53 F.3d 17, 19 (3d Cir. 1995).

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by

a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990). A doctor under contract to a state to provide medical services to prisoners is considered to be acting under color of state law, *West v. Atkins*, 487 U.S. 42, 54, 108 S.Ct. 2250, 2258, 101 L.Ed.2d 40, 53 (1988); *Hetzel v. Swartz*, 909 F. Supp. 261, 264 (M.D. Pa. 1995).

*IV.    Discussion.*

Accepting the allegations as true, McCormick was prescribed penicillin for an abscessed tooth despite a notation in his medical chart that he was allergic to it. He did suffer a mild allergic reaction. He claims both defendants committed "medical malpractice" and were "negligent" when they gave him penicillin.

Upon review, we conclude that McCormick's allegations involving his medical treatment do not state an Eighth Amendment claim. In order to establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate

indifference to that need." *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).  However, "[i]t is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also* White v. Napoleon, 897 F.2d 103, 108 (3d Cir.1990)(concluding that mere medical malpractice cannot give rise to a violation of the Eighth Amendment).  Clearly "[d]eliberate indifference describes a state of mind more blameworthy than negligence."  *Farmer,* 511 U.S. at 835, 114 S.Ct. at 1978.

The Supreme Court has found that injecting a prisoner with penicillin despite knowing that the inmate was allergic to it and then failing to treat the allergic reaction would constitute deliberate indifference.  *See Estelle v. Gamble*, 429 U.S. 97, 104 n. 10, 97 S.Ct. 285, 291 n. 10, 50 L.Ed.2d 251 (1976), *citing Thomas v. Pate,* 493 F.2d 151, 158 (7th Cir.1974).  However, those

are not the facts of the instant case.  Notably absent from McCormick's Complaint is any inference that either Defendant knew (at the time of prescribing or administering the medication) that they were giving him a medication to which he was allergic. Furthermore, his medical condition was not ignored; once McCormick advised the Defendants he was suffering from an allergic reaction the medication was discontinued, and he was medically evaluated. He was found not to be in any medical distress other than complaining of lightheadedness.  Thus we conclude that, at most McCormick's allegations rise to the level of negligence, but as noted above, negligence is not enough for an Eighth Amendment claim.

IV.     *Conclusion*.

We will dismiss the complaint.  Normally, we would grant leave to amend if it was possible for Plaintiff to cure the deficiencies in his pleading.  *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  However, given the detail Plaintiff has already supplied in his complaint, amendment would be futile, *id.*, and hence will not be allowed.

          We will issue an appropriate order.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: July 14, 2005

```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. McCORMICK,            :
                              :
     Plaintiff                :
                              :   CIVIL NO. 1:CV-05-1247
     vs.                      :
                              :   (Judge Caldwell)
DR. JOSEPH CAMA, ET AL.,      :
                              :
     Defendants               :
```

*O R D E R*

AND NOW, this 14th day of July, 2005, for the reasons set forth in the accompanying memorandum, it is Ordered that:

    1.  The Plaintiff's application to proceed in forma pauperis (doc. 2) is granted.

    2.  This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

    3.  The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge